IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL STEINBERG and MIRIAM
STEINBERG, as owners and agents of
PRESTIGE REALTY SERVICES, INC.,

    Plaintiffs,

v.                                             CASE NO. 1:10-cv-00236-MP -GRJ

FEDERAL DEPOSIT INSURANCE CORPORATION,

    Defendant.

_____/

# O R D E R

This matter is before the Court on Doc. 10, Defendant's Motion to Dismiss Plaintiff's Complaint, to which the Plaintiffs have responded, Doc. 13. For the reasons given below, the motion to dismiss is denied.

The plaintiffs in this case are the Steinbergs, who own a local realty firm that was the landlord for a certain bank. That bank went into receivership, and the Defendant, the FDIC, became the receiver. The FDIC eventually repudiated the lease agreement the bank had signed, and the Plaintiffs asserted a claim based upon the lease repudiation by timely filing a written Proof of Claim with the FDIC on or about June 16, 2010 (the "Proof of Claim"). The FDIC denied the Proof of Claim, and the Plaintiffs then filed suit in this court.

The complaint contains four claims. The first count is for a declaratory judgment that the FDIC violated 12 U.S.C. § 1821(e)(2) by not repudiating the contract in a "within a reasonable period" following FDIC's appointment as receiver. Count Two claims breach of the lease agreement via the repudiation. Count Three asserts quantum meruit asserting that the Tenant

would have received an unjust benefit by remaining in the premises without having to pay rent , and Count Four asserts promissory estoppel, claiming that the plaintiffs reasonably relied upon the Tenant's initial promises to pay to lease the premises and suffered damages unjustly because of that reliance.

The motion to dismiss asserts that under the lease agreement, which was attached to the Complaint, the Tenant had the right to terminate the lease early. The FDIC claims that it was merely exercising this right when it repudiated the lease agreement. The Court, however, agrees with Plaintiffs' contentions that even if Defendant's analysis were correct, the three counts other than breach of contract would likely still continue. Additionally, the plaintiffs contend that the notice of repudiation from the FDIC did not provide adequate notice, and so there is an issue as to whether the termination was effective.

Accordingly, because a motion to dismiss is not proper under these circumstances, it is hereby

**ORDERED AND ADJUDGED:**

The motion to dismiss, Doc. 10, is denied.

**DONE AND ORDERED** this _11th_ day of February, 2011

          _s/Maurice M. Paul_
          Maurice M. Paul, Senior District Judge